UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEXANDER RIZO,
*individually and on behalf of all
those similarly situated,*

        Plaintiff,

v.

HY CITE ENTERPRISES, LLC,

        Defendant.

_____/

Case No.:

State Court Case No.: 2024-024124-CA-01

### HY CITE ENTERPRISES, LLC'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Hy Cite Enterprises, LLC ("Hy Cite"), by its undersigned counsel, pursuant to 28 U.S.C. §§ 1441 and 1446 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, hereby removes the above-titled action from the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, Case No. 2024-024124-CA-01 (the "State Court Action") to the United States District Court for the Southern District of Florida, Miami Division.

       **I.**       **FACTUAL ALLEGATIONS**

1. Alexander Rizo ("Plaintiff") alleges that he received electronic "communications" as defined by Fla. Stat. § 559.55(2), from Hy Cite on December 15, 2024, pertaining to a consumer debt between the hours of 9:00 PM and 8:00 AM without his prior consent. Plaintiff contends this communication violated § 559.72(17) of the Florida Consumer Collection Practices Act ("FCCPA"). *See* Complaint at ¶¶ 15-21.

2. Plaintiff further alleges that Hy Cite "has sent thousands of electronic mail

communications to Florida consumers between 9:00 PM and 8:00 AM...." *Id.* at ¶ 26.

3. Plaintiff filed his Complaint in the State Court Action on December 19, 2024, as a putative class action on behalf of himself and an unknown number of Florida residents asserting a single claim under the FCCPA.

4. Plaintiff seeks statutory damages and injunctive relief, plus attorneys' fees and costs, on behalf of himself and a putative class. *Id.* at ¶ 37.

5. The Complaint names Hy Cite as the sole defendant, and Hy Cite has not yet responded.

6. Pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1453, the Complaint is removable to this Court because Hy Cite has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

7. In accordance with 28 U.S.C. § 1446(d), concurrent with the filing of this Notice of Removal, Hy Cite is giving written notice to the Plaintiff and to the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida of its filing of this Notice of Removal.

## II.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

8. On December 31, 2024, Hy Cite was served with the Summons and the Complaint. The Notice of Removal has been filed within 30 days thereof, and is therefore timely under 28 U.S.C. § 1446(b).

9. Venue is proper in this Court because it corresponds to the district and division where this litigation was filed, *i.e.,* the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida is located in the Southern District of Florida, Miami Division. *See* 28 U.S.C. § 1441(a).

10. As per 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Hy Cite, as well as a copy of each paper docketed in the State Court Action are attached hereto.

### III.   THIS COURT HAS JURISDICTION UNDER CAFA

11. Under CAFA, this Court has diversity jurisdiction over this putative class action because: (1) the putative class exceeds 100 members; (2) at least one member of the proposed class has a different citizenship from Hy Cite; (3) the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; and (4) the exceptions to CAFA do not apply here. *See* 28 U.S.C. § 1332(d); *Miedema v. Maytag Corp.,* 450 F.3d 1322, 1327 (11th Cir. 2006) (summarizing CAFA removal requirements); *Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1163 (11th Cir. 2006) (same).

12. The Complaint seeks to certify a class under Florida Rule of Civil Procedure 1.220. *See* Complaint at ¶¶ 22-33.

#### A.   The Putative Class Size Exceeds 100.

9. According to CAFA, the proposed class must consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5).

10. That numerical requirement is met here.

11. Indeed, Plaintiff seeks to bring this action on behalf of himself and on behalf of the putative "Class", which he has defined as: "[1] all persons with Florida addresses [2] that Defendant or someone on Defendant's behalf [3] sent an electronic mail communication to [4] between 9:00 PM and 8:00 AM [5] in connection with the collection of a consumer debt. *Id.* at ¶ 23.

12. Plaintiff alleges that the putative "[c]lass members number in the several

thousands, if not more." *Id.* at ¶ 25.

13. Plaintiff further alleges that Hy Cite has "sent thousands [of] electronic mail communications to Florida consumers ... [t]he members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable." *Id.* at ¶ 26.

14. Accordingly, this matter satisfies CAFA's requirement that the putative class size exceeds 100.

B. **There is Minimal Diversity Sufficient to Establish CAFA Jurisdiction.**

15. Under CAFA, there must also be minimal diversity, which exists where at least one putative class member is a citizen of a different state than any defendant. *See* 28 U.S.C. § 1332(d)(2).

16. Minimal diversity exists here.

17. The Complaint alleges that "Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida." *Id.* at ¶ 5.

18. A limited liability company (LLC) "possesses the citizenship of all its members." *Americold Realty Trust v. Conagra Foods, Inc.,* 577 U.S. 378, 383 (2016); *see also Rolling Greens MHP v. Comcast SCH Holdings LLC,* 374 F.3d 1020, 1022 (11th Cir. 2004) ("a limited liability company is a citizen of any state of which a member of the company is a citizen").

19. Hy Cite's sole member is Hy Cite Corporation, which is a citizen of the State of Wisconsin.

20. Because Plaintiff is a citizen of a different state from Hy Cite, CAFA's requirement of minimal diversity is satisfied here. *See* 28 U.S.C. § 1332(d)(2)(A).


C. **The $5 Million Dollar Amount in Controversy Requirement is Met**.

21. For CAFA jurisdiction, the aggregate amount in controversy must exceed $5 million for the putative class, exclusive of interest and costs. *See* 28 U.S.C., 1332(d)(2).

22. "[D]efendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014). "Where the plaintiff has not alleged a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." S. *Fla. Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir. 2014); *see also Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 752 (11th Cir. 2010) (stating the defendant must show that it is "more likely than not" that the jurisdictional requirement is met).

23. In analyzing the amount in controversy, the court may rely on extrinsic evidence introduced by the defendant, "as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." *S. Fla. Wellness,* 745 F.3d at 1315; *see also Sierminski v. Transouth Fin. Corp.,* 216 F.3d 945, 949 (11th Cir. 2000) (stating that the district court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal") (citations omitted). Thus, to carry its burden, the removing defendant merely needs to show that the potential damages *could* exceed the jurisdictional amount. *Pretka,* 608 F.3d at 754 ("The point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.").

24. Here, based upon Plaintiff's allegations and theories (which Hy Cite disputes, but

control for removal purposes), Hy Cite plausibly submits that the $5 million CAFA amount in controversy requirement is satisfied.

25. Here, Plaintiff alleges that the "aggregate damages sustained by members of the Class are in the millions of dollars." *See* Complaint ¶ 32.

26. Plaintiff seeks "statutory damages pursuant to Fla. Stat. § 559.77(2)" for himself and the putative class. *Id.* at ¶ 37.

27. Plaintiff alleges that Hy Cite allegedly sent thousands of electronic communications to thousands of potential class members. *Id.* at ¶¶ 25-26.

28. Based on Plaintiff's allegations that the damages are in the "millions of dollars", that there are thousands of potential class members who have purportedly suffered thousands of violations, the request for statutory damages resulting from alleged violations of the FCCPA exceeds $5 million dollars.

29. Further, Plaintiff has requested an award of "attorneys' fees and costs, including expert fees, pursuant to Fla. Stat. § 559.77(2)" for himself and the putative class. Complaint at ¶ 37(e). Although Hy Cite disputes whether Plaintiff or the putative class is entitled to any such award, and disputes application of the statute as a matter of fact or law, for purposes of removal, the Court is also permitted to account for the amount of attorneys' fees (which may be available under the FCCPA) in determining the amount in controversy. *See, e.g., Federated Mut. Ins. Co. v. McKinnon Motors,* 329 F.3d 805, 808 n.4 (11th Cir. 2003) (stating that courts may also factor in possible attorneys' fee awards, where permitted by statute or contract, when determining the amount in controversy for removal purposes); *Sheffield Woods at Wellington Condo. Ass'n, Inc. v. Scottsdale Ins. Co.,* 2009 WL 2255219, at *1 (M.D. Fla. July 28, 2009) (finding amount in controversy met, in part based upon plaintiff's claim for fees pursuant to Florida statute); *see also*

*Lee-Bolton v. Koppers Inc.,* 848 F. Supp. 2d 1342, 1356 (N.D. Fla. 2011) (same).

30.     Accordingly, the total amount of alleged damages exceeds CAFA's $5,000,000 jurisdictional threshold.

### D.      The Exceptions to CAFA Do Not Apply.

31.     CAFA provides two mandatory exceptions to the application of federal jurisdiction and one discretionary exception. *See* 28 U.S.C. § 1332(d)(4)(A)-(B) and 28 U.S.C. § 1332(d)(3).

32.     Both the mandatory and discretionary exceptions to CAFA require the presence of a nondiverse in-state defendant. *See* 28 U.S.C. § 1332(d)(4)(A)-(B) (noting that mandatory abstention requires either: (1) "significant relief" to be sought from an instate defendant (local controversy exception) or that (2) the "primary defendant" to be an in-state one (home state exception)); 28 U.S.C. § 1332(d)(3) (noting that the discretionary abstention requires the "primary defendant" be an in- state one).

33.     Here, as discussed above, Hy Cite is the only defendant and it is not an in-state defendant. 28 U.S.C. § 1332(c)(l).

34.     As such, the exceptions to CAFA are not applicable to this matter.

35.     Accordingly, because Hy Cite has demonstrated that all prerequisites for CAFA jurisdiction have been met, and none of the exceptions apply, this matter is properly removable.

## IV.    RESERVATION OF RIGHTS

36.     By virtue of this Notice of Removal and the Notice filed in the State Court Action, Hy Cite does not waive its rights to assert and expressly reserves all defenses, including but not limited to, personal jurisdictional and venue defenses, the legal sufficiency

of the claims alleged in the State Court Action, or any other motions, including but not limited to, Rule 12 motions, motions to compel arbitration, or both, and all those other defense and motions otherwise permitted by the Federal Rules of Civil Procedure and/or governing law.

## V.     CONCLUSION

37.     Based on the foregoing, Hy Cite respectfully requests that this Court assume full jurisdiction over this action.

Dated:  January 30, 2025                                        AKERMAN LLP

*/s/ Sara A. Brubaker*
**Sara A. Brubaker**
Florida Bar No.: 0105769
Primary Email: sara.brubaker@akerman.com
Secondary Email: lynn.cox@akerman.com
**William C. Handle**
Florida Bar No. 1002425
Primary Email: william.handle@akerman.com
Secondary Email: melissa.tejada@akerman.com
420 South Orange Avenue, Suite 1200
Orlando, Florida 32801-4904
Phone:  (407) 423-4000
Fax:  (407) 843-6610

*Attorneys for Defendant Hy Cite Enterprises, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 30th day of January, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. I also certify that a true and correct copy of the foregoing was served this day via electronic mail to Plaintiff's counsel of record as follows:

Zane C. Hedaya, Esquire
Gerald D. Lane, Esquire
Faaris K. Uddin, Esquire
The Law Offices of Jibrael S. Hindi
110 Southeast Sixth Street, Suite 1744
Fort Lauderdale, Florida 33301
Email: zane@jibraellaw.com
Email: gerald@jibraellaw.com
Email: faaris@jibraellaw.com

*Counsel for Plaintiff*

/s/ Sara A. Brubaker
Attorney